**867.15**

CAUSE NO. 14-13-00818-CR

ORIGINAL

Court of Criminal Appeals
Austin Texas

Anthony Earl Washington
APPELLANT

VS

The State of Texas
APPELLEE

APPEALED from the
248th Judicial District
Harris County, Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 14 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

JUL 14 2015

Abel Acosta, Clerk

The Honorable, Katherine Cabaniss
Judge Presiding

Petition for Discretionary Review

PRO SE     Forma Pauperis

Anthony Earl Washington
TDCJ # 1882272
4304 Hwy 202
Beeville, Texas 78102

# Table of Contents

Index of Authorities .......................... Pg 1.

Index of Judge, Parties And Counsel .......... Pg 2-3.

Statement of Regaurding Oral Argument ......... Pg. 3-4.

Statement of the Case ......................... Pg 3-4.

Statement of Procedural History ............... Pg. 4.

Grounds for Review ............................ Pg 5.

Argument ...................................... Pg 6-9.

Ground #1 Purjury: The court Abused its Discretion And Authority By Allowing Repeated Actions of Purjury.

Ground #2 Judical Misconduct: The Judge Presiding And the District Attorney Abused Mr. Washington's constitutional rights By Allowing Repeated Acts of Perjury And Eronious Evidence into Record of trial.

Ground #3 Rules of Evidence: The Court Allowed Non valaclated Evidence (Proof of ownership) And Looped Hearsay Testamony And Purjury at trial.

I

Ground #4: SENTENCE, Mr. Washington Asserts that due to his Past Record of more than 10 yas of A conviction that was used to Inhance His charges(s) and was Given An Unconstitutionaly Sentence length of 35 years instead of A much lesser Sentence for what should have Been Simple Assault at Best.

Prayer for Relief

Appendix

# Index of Authorities

Brady v Maryland: 373 U.S. 83, 83 S. CT 1194

Cleves v State: 922 S.W. 2d. 126, 134

Costillo v State: 899 S.W. 2d. 784, 802, 803

Davito: (Supp 1982) 631 S.W. 2d. 273 Perjury (Key1)

Hicks v State: (App 14 Dist 1993) 864 S.W. 2d. 693
Criminal law (Key 27)

Johnson v State: 23 SW. 39 1, 7

Washington v Texas: 388 U.S. 14, 19, 87 S.CT.
1920, 1923 (1967)

Texas Rules of Criminal Proceedure

TRCP: Rule: 37.02

TRCP: Rule: 38.23

TRCP: Rule: 44.2

# Index of Judge, Parties and Counsel

The Honorable Judge
Katherine Cabiness
248th Judicial District
1201 Franklin, 6th Floor
Houston, Texas 77002


District Attorney for the State
    Julie Fletcher
1201 Franklin, 4th Floor
Houston, Texas 77002


    Trial Attorney for the Defence
    Kenneth McCoy
P.O. Box 53347
Houston, Texas 77052

APPELLANT Attorney - State
Alan Curry
1201 Franklin, 6th Floor
Houston, Texas 77002

Appellant Attorney for Appellant
Kurt B. Wentz
5629 Cypress Creek Parkway Suite 115
Houston, Texas 77069

Appellant
Anthony Earl Washington
Garza East
TDCJ# 1882272
4304 Hwy 202
Beeville, Texas 78102

## Statement Regarding Oral Argument
(No Oral Argument Requested)

## Statement of The Case

On January the 8th 2013 Mr. Washington was convicted By the charge of Assault with a deadly weapon. And sentenced to 35 years in the Texas Department of Criminal Justice. The District Attorney

(3)

Ms. Fletcher Enhansed Mr Washingtons charge from a second Degree Feloncy, to a 1st Degree Felloney And Sentenced to ~~[illegible]~~ 35 years in Prison. The Jury found Mr Washington Guilty And Sentenced to 30yrs, in which this came About By During trial the court Allowing Flagrant And Repeated Acts of Perjury By the States Wittness's. This Being fact of trial and the court using Mr Washingtons Past Record of more than 10yrs of a conviction, which lead to the Inhancement of his charge which Brought forth By frivolous Evidence And which Brought the Excessive Sentencing At trial and violated Mr. Washingtons Constitutional Rights Both U.S. And Texas Constitutions.

Mr Washington is confident when the court of Criminal Appeals Reviews And considers All Facts, And sees the numerious wittness Perjury Allowed at trial and Inconclusive Evidence Brough fourth, the court will grant Mr Washington a New trial And or Adjust the Sentence length given.

## Statement of Procedural History

Mr Washington was convicted of aggreated Assault with a Deadly Weapon on January 8th 2013.

Before And During Trial No Motions were filed

May 12, 2015 the 14th Court of Appeals Affirmed Judgement.

(4)

# Grounds for Relief

Ground #1, Perjury: This Judge and District Attorney thru the ENTIRE TRIAL let the witness commit perjury By continuelly changing testamony of the 4 witness testifying at TRIAL. On this ISSUE Alone A mistRIAl should have Prevailed.

Ground #2, Judical Misconduct: thru the ENTIRE trial the Judge the HONORABLE Katherine Cabinass, And The District Attorney Ms. Julie Fletcher, let The 4 wittness's change the testamony And committ perjury.

Ground #3 Rules of EvidENCE, The Judge let the District Attorney Allow FALSE EViDENCE of Property such as the Knife And Pipe, owner ship was that of Ms. Alfred, And Also several counts By Allowing continuing HEARSAY EViDENCE influnce the jury.

Ground #4 Sentence, The Charge against Mr. Washington should have Been on of a much lesser nature, ie; Assault or a class c Misdemenor, Because Mr Washington was clearly By trial Record Protecting himself from the Person of Agression Ms. Alfred, who Also should have BEEN charged with Assault with a deadly weapon. Mr. Washington is convident the court will see the truth in the intrest of Justice.

(5)

# ARGUMENT

Comes Now Before the Court of Criminals to State the Argument of Anthony Earl Washington, In Persuite of A new trial And or Sentence Reduction in Said numbered And Styled cause. To Bring forth All Errors weither it Be the U.S. Constitution or Texas State Constitution And Bill of Rights. The Errors Are As follows, During Mr. Washington's trial the 3 wittness's, Ms. Priscilla Alfred, Ms. Bernadette Jackson And Ms. Jalissa Moreno All committed Repeated Perjury while giving testimony on the Stand while Being Questioned, By Both sides. This Brings to light that true perjury, Rehearsed And falsbification of testimony in court violates the Texas Rule of Criminal Procedure 37.02: Offense of Perjury Becomes A Felony when it is made during An official Proceedings And its material, Hicks v State (App 14th Dist. 1993) 864 S.W. 2d. 693 Criminal law (Key 27) And Perjury is committed By making A deliberate And willful false Statement under oath. Matter of Davila (Supp 1982) 631 SW 2d 273 Perjury (Key 1). Statement sworn to must Be one of facts in order to Be not of opinion As to the legal effect of certain facts in order to constitute Perjury, Savage v Herron Transfer + Warehouse Co., 1949, 219. S.W. 2d. 101 Perjury (Key #7). which in trial Transcript of All 9 States wittness's

(6)

in Pages 63-69 Ms. Jackson, Ms. Alfred Pg. 27-31, 36-42 And 58 And Ms. Moreno. These Are But a few of the Pages of transcript, not counting the 12 year old Boy, to get the full scope you need to Read all 4/5 testimony, that shows over and over Perjured Acts. This Brings to light the judicial Misconduct, not only did the judge And District Attorney Allow these Acts of Perjury, Pg. 105-L-14, 16, And pg 125-L3-24, Also By not Allowing into testimony the Violent Past of Ms. Priscilla Alfred of numerous police calls of Breaking out windows of Houses and Autos, and also her conviction of Assualt with a Deadly Weapon, if this would have Been Brought to light, then the true ownership of the Knife would Be Known, that it did not Belong to Mr. Washington At All. Which Brings us to Evidence used at trial, like the Knife And Pipe that Belonged to Priscilla Alfred, Ms. Jackson and Ms. Moreno, Art 38.23: Evidence not to Be used (A) No Evidence obtained By an officer or other Person in Violation of Any Provisions of the constitution or laws of the State of texas or of the constitutional laws of the United States, Shall Be admitted in Evidence against the Accused on the trial of Any criminal case. Mr. Washington's Past criminal Record Being used that Being more than 10 years old, and the history the District Attorney used were cases that had Been droped. (Constitutional Error). In

which the night of the insedent when the Police failed to invbstagate or take photo's of the sceen of the altercation took place, which a 12 year old Boy did the next day. The Brady, Disclosea States, Information or Buidence that is favbrable to a criminal defendents use and that prosecution has a duty to disclose. The withholding of Such Information violates the defendents due-process Rights. Brady v. Maryland 373 U.S. 83, 83 S.Ct. 1194, Costilo v State: 899 sw.2d. 784, 802-803. This aplys to when Ms. Alfred wont to the Hospitial and the Doctors Report in itself shows perjuay; no Head Trauma and no Broken Teeth, unable to walk for long periods, But 2 days later when By their own words warted on and atacked Mr Washington again, just as such as on the 8th, when some of the Blood on Ms. Alfred's clothes wear that of Mr Washington's, from wear she cut his finger with the Knife that was in her posestion not Mr Washington. This would BE where her little Brother said what Sister and Mother coaxed and taught. Texas Code of Criminal Procedure: Rule 44.2: Reverable error in criminal cases (A) constitutional error, if the Appollate Record in a criminal case Reveas constitutional error that is Subject to Harmless error Review, the court of Appeals must Reverse a judgment of conviction or Punshment unless the court Determins

Beyond A Reasonable Doubt that this error did not contribute to the conviction or Punishment. When conducting A factual Sufficiency Review, we do not view the Evidence in the light most favorable to the verdict, we view the Evidence in a neutral light favoring neither Party. Clewis v State 922 S.W. 2d. 126, 134, Johnson v State 23 S.W. 39 1, 7. Mr. Washington Also states that his Attorney violated his due-Process By not calling wittness's on his Behalf. Washington v Texas 388 U.S. 14, 19, 87 S. CT. 1920, 1923 (1967) The Right to have wittnesses Present for Represented Facts, the Right to offer testimony of wittness's And to compel their Attendance. This Being A Fundamental Element of Due Process.

Mr. Washington feels that when All areas And Aspects of law are Brought to light forthwidth In this Argument, the Honorable Court of Criminal Appeals will see Justice Done And grant Mr. Washington A New trial, or in the very least a Sentence Reduction to Fit a at Best a 3rd Degree felony, if not a class A Misdemenor of Simple Assault and Self-Defense.

(9)

## PRAYER for Relief

Mr. Washington comes now Before the Honorable Court of Criminal Appeals in Prayer to seek Relief in the form of a new trial for the Reasons stated forthwidth or At the Very least to Pray to the court(s) for what should have Been a much lesser charge, And Reduce his Sentence Acordingly.

Sincerely
Anthony Bari Washington

## APPENDIX

May 12, 2015



# JUDGMENT

## The Fourteenth Court of Appeals

ANTHONY EARL  WASHINGTON, Appellant

NO. 14-13-00818-CR                          V.

THE STATE OF TEXAS, Appellee

---

This cause was heard on the transcript of the record of the court below. Having considered the record, this Court holds that there was no error in the judgment. The Court orders the judgment **AFFIRMED**.

We further order this decision certified below for observance.

**Affirmed and Memorandum Opinion filed May 12, 2015.**



In The

## Fourteenth Court of Appeals

---

### NO. 14-13-00818-CR

---

### ANTHONY EARL WASHINGTON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1373285**

---

## MEMORANDUM OPINION

The question in this case is whether the trial court reversibly erred when it made a preliminary ruling that appellant could be impeached with evidence of his prior convictions. Because appellant did not testify during his trial, the impeachment evidence was never actually admitted. Accordingly, we conclude that nothing was preserved for appellate review. Without reaching the merits of appellant's complaint, we affirm the trial court's judgment.

## BACKGROUND

Appellant was charged with aggravated assault with a deadly weapon. After the State produced its evidence and closed its case-in-chief, appellant moved for a *Theus* hearing to determine whether he could testify free from impeachment. The trial court granted the motion, and the hearing was held outside the presence of the jury.

During the hearing, the trial court was advised that appellant had a lengthy criminal record, which consisted of the following convictions: (1) a 2008 felony for possession of a controlled substance, (2) a 2007 felony for attempted assault of a family member, (3) a 1999 felony for injury to a child, (4) a 1992 misdemeanor for criminal mischief, (5) a 1992 felony for possession of cocaine, (6) a 1987 misdemeanor for assault causing bodily injury, (7) a 1986 misdemeanor for theft, (8) a 1985 misdemeanor for possession of marijuana, (9) a 1985 misdemeanor for escape, (10) a 1984 misdemeanor for DWI, (11) a 1983 misdemeanor for possession of a controlled substance, and (12) a 1983 felony for arson.

Appellant argued that many of these convictions were inadmissible as evidence. Starting with the 1999 felony for injury to a child, appellant argued that this conviction was similar to the charged offense, and that it should be excluded because of the risk of unfair prejudice. Appellant also emphasized that this conviction predated the charged offense by more than ten years. His argument invoked Rule 609(b) of the Texas Rules of Evidence, which provides that evidence of a remote conviction is inadmissible unless its probative value "substantially outweighs" its prejudicial effect.

Appellant made a similar argument with respect to his 1992 felony for possession of cocaine. He said that this conviction was remote and that it had no probative value. Appellant likewise argued that evidence of the 1983 felony for

2

arson was inadmissible because it was too remote. Without addressing the felonies from 2008 or 2007, appellant argued that the remaining offenses should be excluded because they are misdemeanors and do not involve crimes of moral turpitude.

The State responded that it would not elicit testimony of any misdemeanors in the event that appellant decided to testify. As to the felonies, however, the State argued that evidence of these convictions was admissible. The State acknowledged that the felonies from 1999 and 1992 were remote, but the State explained that they could be "tacked" onto the recent felonies from 2008 and 2007. By referencing this tacking doctrine, the State believed that admission of the evidence was governed by Rule 609(a), which provides that evidence of a conviction is admissible if its probative value simply "outweighs" its prejudicial effect. The State indicated that this standard was met. The State did not specifically address the 1983 felony for arson.

The trial court agreed with the State and held that the tacking doctrine applied. The court then used the standard under Rule 609(a) and found that evidence of each of appellant's felonies was admissible because its "probative value does outweigh the potential for prejudice." The court also determined that the 1986 misdemeanor for theft was admissible because it was a crime of moral turpitude. With these rulings, appellant elected not to testify. He made no proffer as to what his testimony would have been had the trial court allowed him to testify free from impeachment.

**ANALYSIS**

Appellant correctly argues that the trial court applied the wrong standard. In *Leyba v. State,* this court held that Rule 609(b) supplanted the tacking doctrine, meaning that tacking is no longer permitted. *See* 416 S.W.3d 563, 569 (Tex.

3

App.—Houston [14th Dist.] 2013, pet. ref'd). We clarified that if the State intends to impeach a witness with evidence of a conviction that is at least ten years old, then the State must show that the probative value of that evidence "substantially outweighs" its prejudicial effect. *Id.* In *Meadows v. State*, the Court of Criminal Appeals embraced this analysis and held that Rule 609(b) provides the exclusive standard for admitting evidence of a remote conviction. *See* 455 S.W.3d 166, 171 (Tex. Crim. App. 2015).

But even though the trial court applied the wrong standard during the *Theus* hearing, its ruling was just *in limine*. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984) (describing an *in limine* motion as "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered"). The court did not admit any evidence of appellant's prior convictions during the trial itself.

A trial court's ruling *in limine* is preliminary only and it preserves nothing for appellate review. *See Geuder v. State*, 115 S.W.3d 11, 14–15 (Tex. Crim. App. 2003). Courts have consistently held that the defendant must testify to preserve any complaint that the trial court erroneously admitted evidence of a prior conviction. *See Luce*, 469 U.S. at 43; *Jackson v. State*, 992 S.W.2d 469, 479–80 (Tex. Crim. App. 1999). Without the defendant's testimony, a reviewing court would be forced to speculate about (1) the precise nature of the defendant's testimony, (2) whether the trial court's ruling would have remained the same or would have changed as the case unfolded, (3) whether the State would have sought to impeach the defendant with the prior conviction, (4) whether the defendant would have testified in any event, and (5) whether any resulting error in permitting the impeachment evidence would have been harmless. *See Jackson*, 992 S.W.2d at 479.

4

Appellant acknowledges in his brief that his failure to testify waives error, but he asks that we "reexamine this blanket rule" because we can be reasonably sure of how he would have testified and what evidence the State would have used to impeach him. We decline appellant's invitation. We are in no position to "reexamine" binding authority from a higher court. We conclude that appellant failed to preserve error.

## CONCLUSION

The trial court's judgment is affirmed.

/s/    Tracy Christopher
       Justice

Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

5

TONY EARL WASHINGTON 14423372

ZA BALT A-1 36

O Hwy 302

uille TEXAS 78102

Clerk

Court of Criminal AppEals

ABEl ACOSTA

SuPREME Court Bldg.

201 W. 14th St 106

PO Box 12308

Austin TEXAS 78711- 2308



Alfred, Priscilla J (MR # 031397961)

Author: Brian D Vu, Resident  Service:  (none)      Author Type: Resident
Filed:  01/09/13 0024      Note   01/08/13 2353
                            Time:
Related  Original Note by: Katherine M Slimp, PA filed at 01/09/13 0005
Notes:

Procedure Orders:
1. Laceration Repair [134533372] ordered by Brian D Vu, Resident at 01/09/13 0022

## History

**Chief Complaint**
Patient presents with
- Lacerations
  *upper lip. Bleeding controlled. AOX3. Denies LOC*

**HPI Comments:** 23yo with no known medical history presents to the ED complaining of laceration to her upper lip. Pt states someone through a brick at her face cutting her lip. Pt states this accident happened 1 hour ago. She denies: LOC, head trauma, n/v/d/c, dizziness, tooth injury, bleeding, cp, sob.
She had her tetanus shot 2 years ago.

Patient is a 23y.o. female presenting with skin laceration. The history is provided by the patient.
**Lacerations**
The incident occurred less than 1 hour ago. The laceration is located on the face. The laceration is 2 cm in size. Injury mechanism: brick. The pain has been constant since onset. She reports no foreign bodies present. Her tetanus status is UTD.

No past medical history on file.
No family history on file.

Review of Systems
Constitutional: Negative for fever, chills, diaphoresis, appetite change and fatigue.
HENT: Positive for facial swelling. Negative for congestion, rhinorrhea, trouble swallowing, neck pain, dental problem and voice change.
Respiratory: Negative for cough and shortness of breath.
Cardiovascular: Negative for chest pain.
Gastrointestinal: Negative for nausea, vomiting, abdominal pain and diarrhea.
Musculoskeletal: Negative for back pain.
Skin: Positive for wound. Negative for color change, pallor and rash.
Neurological: Positive for headaches. Negative for dizziness, weakness and light-headedness.

## Physical Exam

BP 137/94 | Pulse 89 | Temp 98.2 °F (36.8 °C) | Resp 18 | SpO2 99% | LMP 12/27/2012
Physical Exam
Nursing note and vitals reviewed.
Constitutional: She appears well-developed and well-nourished.
HENT:
Head: Normocephalic and atraumatic.
Mouth/Throat: Lacerations present. No oropharyngeal exudate, posterior oropharyngeal edema or posterior oropharyngeal erythema.

Brian D Vu, Resident
Resident
01/09/13 0024

---

**ED Notes signed by Patrice Nicola Miller, RN at 01/09/13 0008**

| Author: | Patrice Nicola Miller, RN | Service: | (none) | Author Type: Registered Nurse |
|---|---|---|---|---|
| Filed: | 01/09/13 0008 | Note Time: | 01/09/13 0000 | |

QMP at bedside to suture laceration.

*Patrice Miller BSN, RN*
*ID # 125180*

---

**ED Provider Notes signed by Katherine M Slimp, PA at 01/09/13 0005**

| Author: | Katherine M Slimp, PA | Service: | (none) | Author Type: Physician's Assistant |
|---|---|---|---|---|
| Filed: | 01/09/13 0005 | Note Time: | 01/08/13 2353 | Note Status: Revised |

Related Notes: Addendum by: Brian D Vu, Resident filed at 01/09/13 0024

Procedure Orders:
1: Laceration Repair [134533372] ordered by Brian D Vu, Resident at 01/09/13 0022

## History

Chief Complaint
Patient presents with
- Lacerations
  *upper lip. Bleeding controlled. AOX3. Denies LOC*

**HPI Comments:** 23yo with no known medical history presents to the ED complaining of laceration to her upper lip. Pt states someone through a brick at her face cutting her lip. Pt states this accident happened 1 hour ago. She denies: LOC, head trauma, n/v/d/c, dizziness, tooth injury, bleeding, cp, sob.
She had her tetanus shot 2 years ago.

Patient is a 23y.o. female presenting with skin laceration. The history is provided by the patient.
**Lacerations**
The incident occurred less than 1 hour ago. The laceration is located on the face. The laceration is 2 cm in size. Injury mechanism: brick. The pain has been constant since onset. She reports no foreign bodies present. Her tetanus status is UTD.

No past medical history on file.
No family history on file.

Review of Systems
Constitutional: Negative for fever, chills, diaphoresis, appetite change and fatigue.
HENT: Positive for facial swelling. Negative for congestion, rhinorrhea, trouble swallowing, neck pain.